Robert Lee TAYLOR, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 571–82 T.

United States Claims Court.

July 1, 1983.

Robert Lee Taylor, Grady, Ark., pro se.

Stella A. Tomlinson, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., and Theodore D. Peyser, Jr., Washington, D.C.

## OPINION

SETO, Judge:

Plaintiff, Mr. Taylor, seeks a total of $2,732.73 in federal income tax refunds for the years 1968, 1969, 1970, 1971, 1972, 1976 and 1979. Defendant has moved to dismiss the claims for 1968, 1970, 1971, 1972, 1976 and 1979, on the grounds that plaintiff initially failed to file timely refund claims with the Internal Revenue Service (IRS) before bringing suit. *See*, 26 U.S.C. § 7422(a) (1976). Defendant moves to dismiss plaintiff's claims for 1969, maintaining that while plaintiff did file timely refund claims with the IRS for 1969, he is limited by statute to recovering only the amount of those 1969 taxes which he paid within the three years preceeding his filing of refund claims with the IRS. *See*, 26 U.S.C. § 6511(b)(2)(A) (1976).

This court concludes that plaintiff's action seeking refunds for 1968, 1970, 1971, 1972, 1976 and 1979, is barred by the operation of section 7422(a) of the Internal Revenue Code of 1954, which requires that a taxpayer first file a timely refund claim with the IRS, seeking his administrative remedy, before maintaining a suit in this court. As to plaintiff's 1969 claim, although he did file timely refund claims with the IRS for 1969, he is prevented from recovering by section 6511(b)(2)(A), which limits his recovery to the amount of taxes (for 1969) paid within the three years immediately preceeding his claims with the IRS. Because plaintiff paid none of those taxes within the last three years, his claim is barred.

## FACTS

Plaintiff instituted the present action to collect federal income tax refunds totaling $2,732.73. Plaintiff claims the following refunds:

| Tax Year | Amount of Current Claim | Date on which current refund claim was made with the IRS (by means of a return) |
|---|---|---|
| 1968--- | $ 200.00 * 24.94 | No return filed 6/17/82 |
| 1969--- | 193.27 * 168.31 | 6/17/82 7/9/82 |
| 1970--- | 376.21 | 7/9/82 |
| 1971--- | 300.00 * 500.00 | No return filed No return filed |
| 1972--- | 250.00 | No return filed |
| 1976--- | 550.00 | No return filed |
| 1979--- | 170.00 | No return filed |
| Total-- | $2,732.73 | |

A taxpayer usually makes refund claims by means of a tax return. But, plaintiff failed to file any refund claims with the IRS for the amounts he presently claims, for the tax years 1968 (for $200), 1971, 1972, 1976 and 1979. *See*, Treas.Reg. § 301.6402–3(a)(1). Plaintiff did file returns with the IRS claiming refunds for 1968 (for $24.94) and for 1970. Plaintiff filed these returns on June 17, 1982 and July 9, 1982. The IRS disallowed these claims. Plaintiff filed his original tax returns for 1968 and 1970, on March 28, 1969 and April 30, 1971, and received refunds for the amounts claimed therein.

---

\* Plaintiff is claiming two different amounts for     these tax years.

For the tax year 1969, plaintiff filed his original return with the IRS on June 17, 1982 and filed a second return on July 9, 1982. The IRS considered both returns to be refund claims. Since plaintiff's claim of June 17, 1982, constituted his original tax return for 1969, both refund claims for 1969 satisfied the statutory requirement that refund claims be filed with the IRS within three years of filing the original return for 1969. 26 U.S.C. § 6511(a) (1976). The IRS disallowed the claims for 1969.

## DISCUSSION

■ This court first considers plaintiff's refund claims for the tax years 1968, 1970, 1971, 1972, 1976 and 1979. The Internal Revenue Code of 1954 requires that *before* a taxpayer can bring a suit in court to collect a refund, the taxpayer must file a refund claim with the IRS. 26 U.S.C. § 7422(a) (1976). Generally, a taxpayer makes a refund claim with the IRS on his income tax return. Treas.Reg. § 301.6402–3(a)(1). Section 7422(a) states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. [26 U.S.C. § 7422(a) (1976)].

Plaintiff has not filed refund claims, for the amounts he now claims,[1] with the IRS for the following years; 1968 (for $200), 1971, 1972, 1976 and 1979. The statutory requirement that plaintiff first file a refund claim with the IRS before bringing suit, therefore, bars plaintiff's claim to these refunds. 26 U.S.C. § 7422(a) (1976).

Plaintiff did file refund claims with the IRS for 1968 (for $24.94) and for 1970, but he is barred from bringing suit on these claims because the claims were not timely filed. Before bringing suit in court a tax-

payer must file a *timely* refund claim "according to the provisions of law in that regard." *Id.* Section 6511(a), of the Internal Revenue Code, outlines the time requirements for filing a refund claim with the IRS. 26 U.S.C. § 6511(a) (1976). Unless the taxpayer files a *timely* claim with the IRS, he cannot bring a suit in court to collect the refunds. Section 6511(a) provides:

> Claims for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later.... [26 U.S.C. § 6511(a) (1976)].

Plaintiff failed to satisfy either of the alternative requirements in filing his claims with the IRS for 1968 (for $24.94) and 1970. The claims were not filed within two years of the dates plaintiff paid his taxes for 1968 and 1970. Plaintiff's taxes for 1968 and 1970, were withheld from his paychecks during these years. Taxes withheld from the taxpayer's income are deemed paid on the fifteenth day of the fourth month following the end of the taxable year. 26 U.S.C. § 6513(b) (1976). Accordingly, the taxes withheld from plaintiff's income during 1968 and 1970 were paid on April 15, 1969 and April 15, 1971, respectively. Since plaintiff filed his refund claims with the IRS for 1968 (for $24.94) and for 1970, in 1982, he did not satisfy the requirement that he file the claims within two years of paying his taxes for those years.

Plaintiff also did not meet the alternative requirement that the taxpayer file his refund claim with the IRS within three years of filing his original return for that year. 26 U.S.C. § 6511(a) (1976). He had filed his original returns for 1968 and 1970 with the IRS on March 28, 1969, and April 30, 1971, respectively.[2] Plaintiff filed his refund claims for the amounts now claimed, by

---

1. Plaintiff did file tax returns for 1968, 1971, and 1979, and has received refunds for the amounts claimed. However, plaintiff now claims refunds for those years from taxes paid unrelated to those reported in his earlier returns.

2. For both 1968 and 1970, plaintiff received tax refunds for the amounts claimed on his original returns.

filing returns for 1968 (for $24.94) and 1970 with the IRS in 1982. Thus, he failed to file his claims within three years of filing his original returns for those years. Therefore, plaintiff's claims for 1968 and 1970 were not timely claims with the IRS and plaintiff's suit on those claims is barred.[3]

Plaintiff, in his response to defendant's motion to dismiss, made several assertions. Plaintiff maintained that he did not previously receive any refunds for 1968, 1970 or 1971, and that any files indicating otherwise had been falsified. This court does not question the truth of plaintiff's assertion, but finds that regardless of whether plaintiff received refunds earlier for 1968, 1970 and 1971, plaintiff failed to file timely refund claims with the IRS for the amounts he presently claims. Plaintiff still would be precluded from filing a suit in this court, since the statute requires a claim first be undertaken with the IRS before petitioning this court. 26 U.S.C. § 7422(a) (1976).

Additionally, plaintiff asserts that he was unable to file returns claiming refunds during 1969 and 1970, because he was attending a Presbyterian College away from home. Simply attending college away from home does not excuse plaintiff from filing timely tax returns.

Finally, plaintiff maintains that although he was employed at Arkansas College during 1969 and 1970, and federal taxes were withheld from his wages, no record of these facts exists in the administrative files. Again, the truth of this assertion would not affect this court's decision to dismiss the claims due to plaintiff's failure to make timely refund claims with the IRS before bringing suit.

■ We secondly consider plaintiff's claims for refunds of $193.27 and $168.31 for the taxable year 1969. While plaintiff did make timely refund claims with the IRS, thus entitling him to bring suit in court, plaintiff still cannot recover in this action because of the statutory limitation on recovery. 26 U.S.C. § 6511(b)(2)(A)

(1976). Plaintiff's income tax return filed on June 17, 1982, for $193.27, constituted plaintiff's original tax return for 1969. Plaintiff had not filed any tax returns for 1969 prior to the return he filed on June 17, 1982. This return filed on June 17, 1982, started the running of the three year period which the IRS allows a taxpayer for filing refund claims. Id. Plaintiff filed a second return for 1969 on July 9, 1982, claiming a refund of $168.31. Thus, both refund claims with the IRS were timely claims because plaintiff filed the second within three years of filing his original tax return for 1969. 26 U.S.C. § 6511(a) (1976).

Although plaintiff did file timely refund claims with the IRS for 1969, he is still precluded from recovering on these claims. The statute limits a taxpayer's recovery when he has satisfied the requirement that a refund claim be filed with the IRS within three years of filing a return. 26 U.S.C. § 6511(b)(2)(A) (1976). His recovery is limited to the amount of the tax paid for the year the claim is made, assuming said payment was made within the three years preceeding the filing of his refund claim with the IRS. Id. Section 6511(b)(2)(A) states:

If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceeding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. [26 U.S.C. § 6511(b)(2)(A) (1976)].

Plaintiff, therefore, could recover on the claims for 1969 only to the extent he had paid any of the tax for 1969 within the three years prior to filing his refund claims for 1969 with the IRS. Plaintiff, however, did *not* pay any taxes for 1969 within the three years prior to filing his claims with the IRS in 1982. The taxes plaintiff paid for 1969 were withheld from his income during 1969. Taxes withheld from income are deemed paid on the fifteenth day of the fourth month following the close of the

---

3. Under Section 7422(a) plaintiff can only bring a suit in court claiming refunds, if he first made a timely refund claim with the IRS. 26 U.S.C. § 7422(a) (1976).

taxable year. 26 U.S.C. § 6513(b) (1976). Accordingly, plaintiff's taxes for 1969 were deemed paid on April 15, 1970. Since plaintiff did not pay these taxes within the three years prior to filing his refund claims with the IRS on June 17th and July 9th of 1982, plaintiff cannot recover in this action on his 1969 claims. 26 U.S.C. § 6511(b)(2)(A) (1976).

## CONCLUSIONS

For the above-stated reasons, plaintiff is statutorily barred from recovering the tax refunds he now claims. Therefore, plaintiff's claim is to be dismissed.

IT IS SO ORDERED.